UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-487-GWU

TOMMY WILKINS, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Tommy Wilkins brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Childhood Disability Benefits (CIB) and for Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

## CHILD'S DISABILITY INSURANCE

An individual who becomes disabled as defined by 42 U.S.C. Section 423(d) before attaining the age of twenty-two, who is the dependent child of a person entitled to old age or disability insurance benefits or fully insured at the time of his/her death, and who is unmarried at the time of application, is entitled to CIB. 42 U.S.C. Section 402(d)(1).

CIB benefits employ the same disability standards as are used to determine disability in adults. 42 U.S.C. Section 423(d).

1

06-487  Wilkins

## ADULT'S SUPPLEMENTAL SECURITY INCOME

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520©), 404,1521, 416.920©), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work

> experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on

06-487 Wilkins

the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.

4

06-487  Wilkins

Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

06-487 Wilkins

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . .

06-487 Wilkins

manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid.  In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services.

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Wilkins, a 22 year-old man with a "limited" education and no past relevant work history, suffered from impairments related to multiple sclerosis.  (Tr. 17, 19).  Despite the plaintiff's impairments, the ALJ determined that he could perform the full range of medium level work.[1]  (Tr. 18).  Based upon application of Rule 203.25 of the Medical-

---

[1] The ALJ also indicated that the plaintiff should avoid work requiring exposure to unprotected elevations and dangerous machinery.  (Tr. 18).  However, the ALJ stated

7

06-487 Wilkins

Vocational Guidelines, the claimant could not be considered totally disabled. (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ properly determined that Wilkins could perform the full range of medium level work. Dr. Jason Harris, an examining consultant, found that the plaintiff suffered from no physical restrictions. (Tr. 192-195). The claimant asserts that the physician restricted him from walking for more than five minutes at a time. However, this statement was not a limitation imposed by Dr. Harris but the claimant's own assertion to the physician of his abilities. (Tr. 187-188). Thus, the doctor supports the administrative decision.

Dr. Syamala Reddy evaluated Wilkins' vision. The doctor found no ocular pathology and opined that he could carry out routine functions as any normal person. This report also provides strong support for the administrative decision.

Dr. James Ramsey (Tr. 109) and Dr. Jorge Baez-Garcia (Tr. 112) each reviewed the record and opined that Wilkins' impairments were "less than severe." These opinions provide additional support for the administrative denial decision.

---

that these non-exertional limitations would not require testimony from a vocational expert because Social Security Ruling 85-15 specifically indicated that they would be compatible with medium level work. (Id.). The claimant has not challenged this assertion on this appeal.

No treating or examining physician, including Dr. Ashutosh Mishra (Tr. 104), the staff at the Mountain Neurology Center (Tr. 106-108, 114-123) and the staff at Mary Breckinridge Healthcare (Tr. 124-186) identified the existence of more severe functional limitations than those found by the ALJ.  Therefore, these reports are also consistent with the administrative decision.

Wilkins asserts that his multiple sclerosis impairment met the requirements of Section 11.09A of the Listing of Impairments.  This Listing requires a claimant to show "disorganization of motor function as described in 11.04(B)." Section 11.04(B) requires one to show "significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dextrous movements, or gait and station."  Dr. Harris specifically indicated making no physical findings compatible with multiple sclerosis on physical examination.  (Tr. 190).  Neither medical reviewer thought that a Listing had been met.  The other treating and examining sources also did not make findings compatible with the Listing.  Therefore, the Court must reject the plaintiff's argument.

Wilkins argues that the ALJ did not properly evaluate his subjective pain complaints.  Pain complaints are to be evaluated under the standards announced in <u>Duncan v. Secretary of Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from

the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Wilkins was found to be suffering from a potentially painful condition. However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. First, the medical evidence does not appear sufficient to confirm the severity of the alleged pain. Second, objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Wilkins' pain complaints.

The Court notes that Wilkins submitted additional medical records directly to the Court which were never seen by the ALJ and asked that these be considered. These records can only be considered by the undersigned for the limited purpose of a remand for the taking of new evidence before the Commissioner pursuant to Sentence six of 42 U.S.C. Section 405(g). A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. Section 405(g). The statute provides that a claimant must prove that the additional evidence is both "material" and that "good cause" existed for its not having been submitted at an earlier proceeding. Sizemore v. Secretary of Health and Human

06-487 Wilkins

Services, 865 F.2d 709, 710 (6th Cir. 1988). In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence. Sizemore, 865 F.2d at 711.

In the present action, the medical records with which Wilkins seeks a remand of the action consist of hospitalization reports from Appalachian Regional Healthcare dated November of 2006 relating to treatment for an exacerbation of his multiple sclerosis. The plaintiff has only requested that these records be considered and has offered absolutely no arguments as to why these reports are either "material" or that "good cause" existed for not submitting them prior to the ALJ's denial decision on May 20, 2006. While the records were not in existence at the time of this decision, such, by itself, does not satisfy the "good cause" test and a valid reason for failure to obtain the evidence must still be shown. Oliver v. Secretary of Health and Human Services, 804 F.2d 964, 966 (6th Cir. 1986). The records concern medical treatment well after the date of the ALJ's decision and do no appear to "relate back" to the pertinent time frame. Therefore, the claimant has failed to meet either the "good cause" or "materiality" requirements and, so, a remand for the taking of new evidence is not appropriate.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment

06-487 Wilkins

motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 12th day of September, 2007.

Signed By:

G. Wix Unthank

United States Senior Judge